Robert J. Baldacci v. Commissioner.
Baldacci v. Commissioner
Docket No. 1186-68.
United States Tax Court
T.C. Memo 1970-12; 1970 Tax Ct. Memo LEXIS 344; 29 T.C.M. (CCH) 34; T.C.M. (RIA) 70012; January 19, 1970, Filed. Robert J. Baldacci, pro se, P.O. Box 227, Miami Springs, Fla.W. Reeder Glass, for the respondent. 35 RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency in the income tax of petitioner for the year 1965 in the amount of $661.52. At issue is whether petitioner may deduct as alimony a payment made to his former wife during the taxable year 1965. Petitioner has conceded the correctness of the Commissioner's denial of a claimed charitable deduction in the amount of $300. The facts have been stipulated. Petitioner Robert J. Baldacci *345 is an individual who, at the time of filing of his petition herein, resided in Dade County, Florida. He filed his Federal income tax return for the taxable year 1965 with the district director of internal revenue, Richmond, Virginia. Petitioner was married to Laura Myrtle Woodward from March 17, 1947, until they were divorced by a decree entered March 18, 1966. The parties had previously separated on February 4, 1964. There were no children born of the marriage. By Order dated March 12, 1964, of the Court of Law and Equity of the City of Norfolk, Virginia, petitioner's wife, Laura, was awarded temporary alimony from petitioner of $45 per week, effective February 28, 1964. Petitioner paid Laura $45 per week until October 29, 1965, when the same court increased the weekly payment to $50. Thereafter and until December 7, 1965, petitioner paid Laura $50 a week as temporary alimony. On December 7, 1965, petitioner and Laura entered into an agreement intended to settle and determine their property rights, all right of support, alimony and maintenance of Laura, all dower and homestead rights, together with all other rights existing between the parties growing out of the marital relationship. *346 That agreement provides in pertinent part that: * * * 1. The said husband will pay to the wife the sum of Three Thousand Dollars ($3,000.00), the receipt of which is hereby acknowledged by the signature of the said wife to this agreement it being agreed that said sum should be in lieu of any claim for alimony, support, money, or otherwise which the wife may have against the husband. 2. The said wife agrees that she will not incur or contract any debts of any nature whatsoever for which the husband shall be liable and except as hereinbefore provided, releases the husband from any duty or obligation to furnish her with any additional maintenance or support. The wife specifically releases the husband from any obligation to furnish her now or at any time any sum or sums of money, or other property. * * * 4. Except as otherwise expressly provided herein, the said wife does release, and by this agreement does so do, all her claims and demands of every kind, name or nature against the said husband, including all liability now or at any time hereafter existing or accruing or on account of support, maintenance, alimony, temporary or permanent, dower, or allowances for herself either statutory *347 or arising at common law, incident to the marriage relation, intending hereby to relieve the said husband entirely from all personal claims and demands and from any that may hereafter attach or arise in any manner from the relation of husband and wife and from any alimony, either temporary or permanent incident to any divorce suit that may hereafter be commenced by either of the parties hereto against the other and as a part of the consideration hereof, the said wife, except as otherwise expressly provided herein, hereby releases the said husband from all claim, homestead rights, or any other interest whatsoever in any property, real or personal, which the said husband may now own or that he may at any time hereafter hold or acquire any interest whatsoever in, either through devise, bequest, purchase, or otherwise, it being understood that this settlement is a total and complete release of the said husband by the said wife of all matters and charges whatsoever, and that the said wife shall after this settlement require nothing of the said husband, as though the marriage relation had never existed between them. * * * 8. It is agreeable between the parties hereto that the terms of *348 this agreement be adopted and made a part of a final decree of divorce should such be granted by the Court having jurisdiction over the status of the parties hereto, and, further, each party covenants to the other to execute all such instruments as may be necessary to modify any decree now outstanding as to the payment of alimony, support or otherwise insofar as any decree may be in conflict with the terms of this agreement. Petitioner paid Laura $3,000 by cashier's check dated December 7, 1965, pursuant to the foregoing agreement of December 7, 1965. Petitioner and Laura were granted a divorce on March 18, 1966. The final decree did not provide for the payment of any alimony or support to Laura. 36 On his Federal income tax return for 1965 petitioner claimed deductions for alimony in the amount of $5,160. Of this amount the Commissioner disallowed $2,975, based on the following computation. Total paid to Laura
$5,160
a. 1/1/65 - 10/29/65 $45 X 43 weeks
$1,935
b. 10/29/65 - 12/7/65 $50 X 5 weeks 250
Total allowed by Commissioner 2,185
Total disallowed
$2,975
Petitioner claims that his $3,000 payment to his former wife is alimony under *349 section 71, I.R.C. 1954, [1] and that such payment is deductible under section 215(a). [2] The Commissioner argues that $2,975 of this amount is a lump sum nonperiodic payment which does not qualify as alimony under section 71. We agree with the Commissioner. *350 Under the terms of sections 71 and 215 alimony payments must be "periodic" in order to be deductible. To be "periodic", the payments in issue must be made at recurring times over an extended period. Ralph Norton, 16 T.C. 1216, 1218, affirmed 192 F. 2d 960 (C.A. 8). It is clear that the payment here in issue was not periodic. The agreement dated December 7, 1965 indicates that the payment in issue was intended as a lump sum to settle all of petitioner's marital obligations to his wife and to eliminate any future obligations to her, including any future obligations in respect of alimony or support. This payment was the final payment made by petitioner to his wife and the divorce decree of March 18, 1966 did not provide for any further payments. We find, therefore, that it was not a periodic payment under the terms of section 71 and that it is not deductible by the petitioner under section 215. [3]
*351 Decision will be entered for the respondent. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - * * * (2) Written Separation Agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. ↩
2. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71↩ in the gross income of his wife, payment of which is made within the husband's taxable year. * * *
3. There is some confusion in the record as to whether the amount to be disallowed is $3,000 or $2,975. However, the Commissioner disallowed the deduction only to the extent of $2,975, as shown above, and there is no dispute between the parties in respect of the amount involved.↩