Robert P. Luhman v. Commissioner.
Luhman v. Commissioner
Docket No. 1967-68.
United States Tax Court
T.C. Memo 1970-81; 1970 Tax Ct. Memo LEXIS 286; 29 T.C.M. (CCH) 376; T.C.M. (RIA) 70081; March 31, 1970, Filed Robert P. Luhman, pro se, 75-955 Pierce St., Thermal, Calif. AndrewH. Weinstein, for the respondent. 377 SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a *287 deficiency in petitioner's income tax for the calendar year 1965 in the amount of $1,161.92. The only issue for decision is whether petitioner is entitled to deduct as alimony payments to his former wife amounts paid in 1965 at the rate of $119.66 per month in discharge of the encumbrance on a 1963 Pontiac automobile which was transferred to his wife under an interlocutory judgment of divorce. Findings of Fact Most of the facts have been stipulated and are found accordingly. Petitioner who was a legal resident of Thermal, California at the date of the filing of his petition in this case, filed his individual Federal income tax return for the calendar year 1965 with the district director of internal revenue at Los Angeles, California. In 1964 petitioner and his wife, Verene F. Luhman, were separated. On July 21, 1964, the Superior Court of the State of California, County of Los Angeles, entered an order requiring petitioner to pay his wife alimony in the amount of $50 per month and to make payments on the 1963 Pontiac automobile held by the parties as community property. The payments on the 1963 Pontiac were in the amount of $119.66 per month. The debt with respect to the *288 automobile was owed to petitioner's Credit Union and was a joint obligation of petitioner and his wife. On June 15, 1965, the Superior Court of the State of California for the County of Los Angeles entered an interlocutory decree of divorce granting the plaintiff, petitioner's wife, a divorce and providing that when 1 year from the date of the interlocutory decree had expired, a final judgment dissolving the marriage between petitioner and his wife would be entered and that at that time the Court should grant such other and further relief as might be necessary to complete disposition of the action. The interlocutory decree contained the following provisions: It is Further Ordered, Adjudged and Decreed as follows: * * * (3) The defendant shall pay to plaintiff for her support and as alimony the sum of $50.00 per month on the first day of each month, commencing July 1, 1965, and continuing thereafter subject to modification by the Court. * * * It is Further Ordered, Adjudged and Decreed, pursuant to stipulation of the parties as follows: (1) That the following items are found to be community property of the parties and are awarded to the plaintiff as her sole and separate property: *289 * * * b. The 1963 Pontiac automobile with California license number HAE 020. * * * 5. The defendant shall pay the community obligations to Richfield Oil Corporation in the amount of $197.34 and the community obligation and encumbrance on the above described 1963 Pontiac automobile owed to California Teachers Association Credit Union as the installments on said obligation become due, and any other personal loans from the California Teachers Association Credit Union. * * * On December 14, 1965, the Superior Court of the State of California for the County of Los Angeles entered its final judgment of divorce, dissolving the bonds of matrimony between petitioner and his wife and further ordering that the property of the parties was assigned in the final judgment in accordance with the assignment made in the interlocutory judgment. Petitioner on his Federal income tax return for the calendar year 1965 claimed a deduction for alimony in the amount of $3,640.74. Respondent in his notice of deficiency disallowed the claimed deduction to the extent of $2,959.41 on the ground that such amount of the claimed deduction was not alimony but represented installment payments "discharging part *290 of an obligation, principal sum of which is either in terms of money or property specified in the decree, instrument or agreement." Petitioner did not contest this disallowance except to the extent of $1,435.92 which represented the monthly payments of $119.66 on the 1963 Pontiac automobile. Opinion Section 215, I.R.C. 1954, [1] provides that a husband shall be allowed as a deduction amounts includable under section 71 in 378 gross income of his wife, payment of which is made within the husband's taxable year. Section 71(a)(1) provides that if a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, her gross income includes periodic payments received after such decree in discharge of a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree. [2] Section 71(c)(1) provides that for the purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments, except that under section *291 71(c)(2), if by the terms of the decree, the principal sum is to be paid over a period ending more than 10 years from the date of such decree, then the installment payments shall be treated as periodic payments for the purposes of subsection (a) to the extent of 10 percent of the principal sum. *292 We do not have any details of the July 21, 1964 order of the Superior Court requiring petitioner to pay alimony of $50 a month and to make the payments on the loan with which the Pontiac automobile was purchased. We have quoted the portion of the interlocutory decree entered by the Superior Court of the State of California for the County of Los Angeles on June 15, 1965, specifically awarding alimony to petitioner's wife and the portion awarding her the 1963 Pontiac automobile as a part of the settlement of the community property of the parties. We have also quoted the portion of the decree requiring petitioner to make the monthly installment payments on the automobile. In our view the decree is clear that the 1963 Pontiac is property which is specifically awarded to petitioner's wife in the divorce decree. In effect the divorce decree awards this property to petitioner's wife free and clear. The fact that petitioner is required to make the monthly payments due with respect to the loan with which the automobile was purchased does not cause the award of the automobile to his wife to be anything other than a part of the disposition or division between the two of their community property. *293 See Mary Schwab, 52 T.C. 815, 818 (1969), on appeal (C.A. 7, Dec. 1, 1969). However, even if we view petitioner's payments with respect to the 1963 Pontiac automobile as installment payments discharging a part of an obligation, the principal sum of which is, in terms of property specified in the decree, petitioner would not be entitled to deduct the payments he made with respect to the encumbrance on the automobile. It is clear from the record that the period during which the payments were to be made would be a period of less than 10 years. The record does not disclose the exact period of time over which payments were to be made, although petitioner stated in Court that the period of time was 2 years. However, the record discloses that in 1964 payments were being made on the 1964 automobile at the rate of $119.66 per month, and these payments were continued through 1965. Therefore, the record is clear that the period over which the payments were to be made was substantially less than 10 years. Petitioner argues that since the automobile was for the use of his wife so that she might continue to pursue her 379 employment, it should be treated as alimony, as rent *294 paid on a house by a taxpayer for his former wife would be treated. The two situations are not comparable. Mortgage payments by a husband on property which has been transferred by a divorce decree to a wife as a part of a property settlement have been held not to be deductible where the payments are to extend for a period of less than 10 years. See Klemm v. United States, an unreported case ( E.D. Wis. 1957, 52 A.F.T.R. 1513, 57-2 USTC par. 9906), and Lounsbury v. Commissioner, 321 F. 2d 925 (C.A. 9, 1963), affirming 37 T.C. 163. The payments here are more comparable to mortgage payments on a house than to payments of rent on a house. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954. ↩
2. SEC. 71 ALMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. * * * (c) Principal Sum Paid in Installments. - (1) General rule. - For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. (2) Where period for payment is more than 10 years. - If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received.↩