### NORTON v. COMMISSIONER OF INTERNAL REVENUE.

No. 14413.

United States Court of Appeals
Eighth Circuit.

Dec. 19, 1951.

Norman C. Parker, St. Louis, Mo. (Francis C. Flynn, St. Louis, Mo., was with him on the brief), for petitioner.

Harry Marselli, Sp. Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott and Fred E. Youngman, Sp. Assts. to the Atty. Gen., were on the brief), for respondent.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

GARDNER, Chief Judge.

This matter is before us on a petition of the taxpayer to review an adverse decision of the Tax Court of the United States determining a deficiency in his income tax liability for the year 1946 in the sum of 1495.09. The facts were stipulated and found by the court as stipulated so are not here in dispute.

The controversy arises over the claim of the taxpayer that he is entitled to a deduction from his 1946 income of a $5,000 payment made by him to his wife in partial settlement of her claim for alimony. So far as here material the facts may be summarized as follows: Petitioner commenced a divorce action against his wife on January 23, 1946. The wife filed an answer and cross-bill, praying for divorce and alimony.

While the suit was pending the parties entered into a written agreement for a settlement of their property rights and alimony. This agreement provided that petitioner should pay his wife $200 a month as alimony as long as she should live or until she remarried, and in addition to "said monthly or periodic alimony the plaintiff shall pay to defendant the sum of Five Thousand Dollars ($5,000.00) as additional alimony, payable forthwith." The stipulation was filed in the divorce action and on May 14, 1946, the court entered its decree granting a divorce to the wife and allowing her alimony in the sum of $200 a month until the further order of the court, payable on the 7th day of each month. The decree made no reference to the $5,000. On May 15, 1946, pursuant to stipulation, petitioner paid his wife $5,000 and in addition thereto paid her during the remainder of 1946 $200 per month as provided by the decree.

In his income tax return for 1946 petitioner deducted the $5,000 paid his wife in a lump sum on May 15, 1946. The Commissioner disallowed the claimed deduction and the Tax Court sustained the Commissioner in so ruling. The question involved is whether the $5,000 payment was deductible from petitioner's 1946 income and this question is dependent upon whether or not this lump sum payment under the circumstances of this case constitutes a "periodic payment" of alimony within the meaning of Section 22(k) of the Internal Revenue Code. Title 26, U.S.C., Secs. 22 (k) and 23(u). Prior to the amendment to the Internal Revenue Code effected by this Act alimony payments were taxable to the husband and not to the wife. Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211; Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3; Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665; Helvering v. Fuller, 310 U.S. 69, 60 S.Ct. 784, 84 L.Ed. 1082.

As the claim is for a deduction from income for federal income tax purposes the deduction is allowable only as a matter of legislative grace and the burden is upon the person claiming a deduction to bring himself squarely within the provisions of the statute under which such de-

duction is claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; Helvering v. N. W. Steel Rolling Mills, Inc., 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29. Section 22(k) of the Internal Revenue Code provides, so far as here material, that in case a wife is divorced or legally separated from her husband under a decree of divorce or separation "periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband."

It is observed that the only alimony provided by the decree is the $200 per month. The $5,000 payment was provided for and paid under a written agreement of the parties entered into prior to the divorce. The obligation to pay the $200 monthly was imposed by the decree of divorce, while the obligation to pay the $5,000 in a lump sum was imposed by the voluntary written agreement of the parties. We think they are separate and distinct obligations. The $5,000 obligation was payable forthwith, while the $200 per month obligation was to be satisfied by "periodic payments." The statute manifestly was not intended to cover all payments but "periodic payments," and we do not think the $5,000 lump sum payment can under the circumstances here disclosed be recognized as "periodic payments," as that term is used in the statute. As stated by the Tax Court, "it is clear that the $5,000, not decreed by the court as was the $200 a month, is by that fact separated from the periodic payment of alimony and can not with logic be viewed as merely one of the recurring or periodic payments, though in a larger amount than $200 * * *."

The decision of the Tax Court is therefore affirmed.