Alton F. **LOUNSBURY** and Lorraine M.
Lounsbury, Petitioners,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

No. 18007.

United States Court of Appeals
Ninth Circuit.

Aug. 8, 1963.

Rehearing Denied Sept. 11, 1963.

Maguire, Shields, Morrison, Bailey &
Kester, Frank E. Magee and Jack H.
Dunn, Portland, Or., for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen.,
Lee A. Jackson, L. W. Post, Alec A.
Pandaleon, and Frank I. Michelman,
Attys., Tax Division, Dept. of Justice,
Washington, D. C., for respondent.

Before CHAMBERS, HAMLEY and
MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Taxpayer, Alton F. Lounsbury,[1] has
petitioned for review of a Tax Court
decision involving federal income taxes
for the years 1955 and 1956. The ques-
tion presented is whether payments made
by taxpayer during those years, pursuant
to his obligation to furnish his former
wife $10,000 cash or a home of equivalent
value, are deductible as periodic pay-
ments under the provisions of §§ 71 and
215 of the Internal Revenue Code of
1954.

Section 71 provides that the gross in-
come of a divorced wife shall include
"periodic payments received after [the
divorce] decree in discharge of * * *
a legal obligation which, because of the
marital or family relationship, is imposed
on or incurred by the husband under the
decree or under a written instrument in-
cident to such divorce * * *."

Section 215 allows the husband as de-
ductions such amounts as are includible
in the gross income of the wife under
§ 71.

Taxpayer married Besse V. Lounsbury
in 1927 and remained married to her un-
til their marriage was dissolved by a
decree of divorce entered December 9,
1950, in Douglas County, Oregon.

The divorce decree, which incorporated
the terms of a predivorce agreement,
contained in part the following terms:

"IT IS FURTHER CONSIDER-
ED, ORDERED, ADJUDGED AND
DECREED that defendant pay to
the plaintiff, through the Clerk of
this Court, as alimony and as sup-
port money and under the terms of
property settlement heretofore en-
tered into, the sum of $250.00 per
month commencing with the 25th
day of December, 1950, to and in-
cluding the 25th day of September,
1955.

* * * * * *

1. Lorraine M. Lounsbury, taxpayer's
present wife, is a party to this suit
solely because joint returns were filed
for the taxable years in issue.

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED that in addition to the alimony and support money hereinbefore decreed to the plaintiff, that defendant shall pay to the plaintiff the sum equal to the rental upon the home of the parties at 501 Overlook Street, Roseburg, Oregon, or other house of similar and equivalent style, character and value, until the provisions of the next succeeding paragraph of this decree shall have been complied with.

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED that on or before October 25, 1952, defendant shall pay to the plaintiff, through the Clerk of this Court, as and for alimony the sum of $10,000.00, or in lieu thereof shall submit evidence satisfactory to this court that defendant has delivered to the plaintiff possession of and fee simple title to a home in the City of Roseburg suitable to plaintiff and the children of the parties, of a value of not less than $10,000.00."

In October, 1952, taxpayer (who had remarried that year) found himself unable to comply with the provisions of the agreement with reference to furnishing a home or $10,000 cash. By agreement, the parties extended the time within which taxpayer might meet his obligations in this respect.

In 1955, Besse notified taxpayer that she had found a house and had entered into an agreement to purchase it. On June 21, 1955, the parties entered into an agreement reciting that taxpayer had failed to meet his obligations with respect to the furnishing of a home and that the parties desired to settle his obligations in this respect. The agreement stated that Besse was purchasing the property for $10,000, and that taxpayer was providing the down payment of $3,714.61, for which he was to receive

credit against the $10,000 obligation. It further obligated him to pay to the mortgagee the sum of $6,285.39, which was the principal balance still owing on the assumed mortgage debt, together with interest. Finally, it provided that taxpayer's obligation under the divorce decree was to remain outstanding until he had fully performed under the new agreement, and that his obligation under the decree was to be reduced only to the extent of such performance.

Neither the extension agreement of 1953 nor the agreement of 1955 were ratified or approved by any court. Besse remarried in 1956. Taxpayer, however, continued to make the mortgage payments under the 1955 agreement.

Prior to entering into the agreement in 1955, taxpayer, under the divorce decree, paid to Besse the sum of $75 a month, being the rental on the home in which she was then living.

During 1955, taxpayer made payments under the 1955 agreement of $4,200.11. In 1956, $924 was paid. It is taxpayer's right to deduct these sums which is here at issue.[2]

Taxpayer's position is that the $10,000 obligation was but the final "balloon" payment in a series of payments by which he was meeting his obligation to provide his former wife with a home. He emphasizes that his obligation so to provide for his wife did not spring from a settlement of property rights, but from the marital relationship. He points to the fact that the agreement itself states that this $10,000 payment was to be made "as and for alimony."

In our judgment, however, the controlling question here is not the source of the husband's duty to make provision. We may assume, arguendo, that the payment was in discharge of a marital (as distinguished from property) obligation. The controlling question, to us, is the manner in which that duty was met. Here, pursuant to agreement and decree,

---

2. The Tax Court allowed taxpayer, as deductions, the $250 monthly alimony payments and $75 monthly rental payments made under the original agreement and decree, and no issue is raised as to these deductions.

it was by a lump-sum payment. It was not by "periodic payments" by which the wife shared in the husband's income. It was rather by an arrangement by which a capital transfer was accomplished between husband and wife. Such lump-sum payments are not deductible as periodic payments. Baer v. Commissioner (8 Cir. 1952) 196 F.2d 646; Norton v. Commissioner (8 Cir. 1952) 192 F.2d 960; Tate v. United States (E.D.Tenn. 1962) 207 F.Supp. 426; Knowles v. United States (S.D.Miss.1960) 182 F.Supp. 150, aff'd per curiam (5 Cir. 1961) 290 F.2d 584; Bartsch v. Commissioner (1952) 18 T.C. 65, aff'd per curiam (2 Cir. 1953) 203 F.2d 715. Cf. Pappenheimer v. Allen (5 Cir. 1947) 164 F.2d 428.

We cannot agree that the final $10,000 obligation was simply a "balloon" termination of a continuing obligation. It was itself the basic obligation. The $75 monthly payments were not payments on account. They simply permitted the husband a reasonable time within which to arrange for the basic capital transfer. To permit the basic obligation to take on the character of these stop-gap payments is to ignore the true nature of the husband's obligation. Further, it would impose an unjust tax burden on the wife, who would, under the circumstances contemplated by the original agreement and decree, be required in one year to treat as her income the entire $10,000 capital transfer.

Nor was the situation changed by the manner in which the agreement, without court approval or decree, was modified in 1955 and thereafter carried out. By 1955 the husband's $10,000 obligation had accrued. No longer was it subject to the traditional contingencies applying to alimony payments: death of either spouse, remarriage of the wife, change in economic status. Oregon Revised Statutes, § 107.130; Shelley v. Shelley (1955) 204 Or. 436, 283 P.2d 663. The modification of 1955 constituted no more than consent to an arrangement by which the accrued lump-sum obligation might be met by installment payments.

Section 71(c) of the Internal Revenue Code of 1954 provides in part:

"(1) *General rule.*—For purposes of subsection (a), *installment payments* discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall *not* be treated as periodic payments" (emphasis added).

The exceptions to this general rule, as provided by the Code and by Regulations, do not apply under the facts of this case.

Affirmed.