Linsley L. and Jane L. LUNDGAARD, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. KC-3279.

United States District Court, D. Kansas.

July 11, 1972.

John W. Breyfogle, Jr., Breyfogle, Gardner, Martin, Davis & Kreamer, Olathe, Kan., for plaintiffs.

Robert J. Roth, U. S. Atty., Kansas City, Kan., Robert S. Milligan, Trial Atty., Tax Div., Refund Trial Section No. 3, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

O'CONNOR, District Judge.

This is an action for the recovery of federal income taxes and assessed interest alleged to have been overpaid by plaintiffs for the calendar year 1966, in the amount of $1,761.69, plus statutory interest thereon. The facts as stipulated by the parties may be summarized as follows:

Linsley L. Lundgaard, co-plaintiff, and his former spouse, Gail A. Lundgaard, were married on May 13, 1950, in Kansas City, Missouri. In 1964 a petition for divorce was filed by Gail in the District Court of Johnson County, Kansas. A stipulation and agreement was made and entered into by and between Linsley and Gail concerning settlement of their property and alimony rights and a divorce was granted. Pursuant to this stipulation Linsley was to tender monthly alimony payments in the sum of $200.00 to his former spouse, Gail, for a period of 121 months or until Gail's death or remarriage, whichever event should occur first. In the event that Gail should remarry within a period of five years from the date of the entry of the divorce decree, the stipulation provided that the monthly alimony payments should cease and that a lump sum settlement payment of $5,000.00 would be paid to her.

During the calendar year 1966 Linsley tendered monthly alimony payments to Gail in the amount of $1,500.00. On August 13, 1966, and within five years of the decree of divorce, Gail remarried and Linsley tendered her the agreed upon $5,000.00 on August 17, 1966.

On their 1966 United States Individual Income Tax Return Linsley and his new spouse, Jane, co-plaintiff in this action, properly deducted the $1,500.00 paid to Gail as monthly alimony payments; however, they also deducted the lump sum payment made by Linsley to Gail in the amount of $5,000.00 on the theory that such was a periodic alimony payment. Upon audit of the plaintiffs' 1966 income tax return the Internal Revenue Service disallowed the claimed deduction for the $5,000.00 lump sum payment and determined an income tax deficiency in the amount of $1,550.13.

The plaintiffs made an advance payment of the deficiency and a payment representing the interest assessed on the deficiency, and then filed a claim for a refund in the amount of $1,761.69. The claim was disallowed on December 21, 1970.

Plaintiffs then filed the present action February 10, 1971. Jurisdiction is properly vested in this court by virtue of 28 U.S.C. § 1346(a) (1).

The legal question presented is whether or not the $5,000.00 lump sum payment by Linsley to his former spouse upon her remarriage and pursuant to their agreement qualifies as a periodic payment under Section 71 of the Internal Revenue Code of 1954 (26 U.S.C.), and is therefore deductible by Linsley under Section 215 of the Code. The court, having received briefs from both parties, now makes the following conclusions of law.

 Since the claim here is for a deduction from income for federal income tax purposes, the deduction is allowable only as a matter of legislative grace and the burden is on the persons claiming the deduction to bring themselves squarely within the provisions of the statute under which such deduction is claimed. Norton v. Commissioner of Internal Revenue, 192 F.2d 960 (8th Cir. 1951), and cases therein cited.

Sections 71 and 215 of the Internal Revenue Code of 1954 (26 U.S.C.) allow a husband to deduct from his income periodic payments made by him to his wife in discharge of a marital obligation. Specifically, Section 71(a)(1) provides:

". . . if a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which because of the marital or family relationship is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation."

Section 215(a) provides:

"In the case of a husband described in Section 71, there shall be allowed as a deduction amounts includible under Section 71 in the gross income of his wife, payment of which is made within the husband's taxable year."

At the outset we deem it unnecessary to resolve with finality the initial issue raised by the government's brief relating to the lump sum payment in question being more in the form of a property settlement than of alimony. There is persuasive authority, however, that the purpose of the foregoing sections of the Code is to allow a husband to deduct from his income periodic alimony payments for the wife's support, which in effect, represent a division of his taxable income. Thus such deductions are not allowable with respect to divisions or transfers of property made in final settlement of marital controversies. Norton v. Commissioner of Internal Revenue, 16 T.C. 1216, aff'd, 192 F.2d 960 (8th Cir. 1951); Commissioner of Internal Revenue v. Senter, 25 T.C. 1204, aff'd, 242 F.2d 400 (4th Cir. 1957). These cases give strong support to the government's contention that the $5,000.00 lump sum payment was not in the nature of alimony or an allowance for support and is, therefore, not deductible.

Assuming as plaintiffs contend that the payment was alimony, we are of the opinion it does not qualify as a deductible periodic payment under the applicable provisions of the Code.

Section 71(a)(1) provides that the payments must be periodic in order to be deductible under Section 215(a). The phrase "periodic payments" is to be construed in its ordinary meaning, and so considered excludes a payment not to be made at fixed intervals but in a lump sum. Norton v. Commissioner of Internal Revenue, supra. The word "periodic" by its very definition connotes more than one payment. Merely because the $200.00 monthly payments (which all parties concede were deductible) and the disputed $5,000.00 payment were provided for in the same paragraph of the stipulation and agreement does not sustain plaintiffs' position that the $5,000.00 was a periodic payment.

By the very terms of the stipulation and agreement Linsley agreed to pay his former wife "a lump sum settlement" of $5,000.00 if she remarried within a period of five years after their divorce. The payment of "a lump sum settlement" under those circumstances clearly cannot be construed as a "periodic payment" under the provisions of the Internal Revenue Code. The courts have frequently noted that periodic payments do not include a lump sum payment even though the motivation for such payment is more akin to the discharge of an alimony obligation than a property obligation. Lounsbury v. C. I. R., 37 T.C. 163, aff'd, 321 F.2d 925, (9th Cir. 1963); Commissioner of Internal Revenue v. Senter, supra.

Plaintiffs' argument that the payment qualifies under the installment provisions of Section 71 of the Code is also untenable. The general rule excluding installment payments as deductions is stated in Section 71(c)(1) which provides that for the purposes of Section

71(a) "installment payments discharging a part of an obligation, the principal sum of which is either in terms of property or money, specified in the decree, instrument, or agreement, shall not be treated as periodic payments." As an exception to the general rule, Section 71(c)(2) provides that if the principal sum is to be paid or may be paid over a period of more than 10 years, the installment payments shall be treated as periodic payments for the purposes of Section 71(a). Also see Treasury Regulations Section 1.71–1(d)(2).

Plaintiffs' argument overlooks the fact that the obligation for the $200.00 monthly payments and the obligation for the $5,000.00 "lump sum settlement" payment are separate and distinct. By the terms of the stipulation and agreement Linsley was relieved of the monthly payments upon his former wife's death or remarriage, and if his wife remarried within five years of the divorce he agreed to pay her a lump sum settlement of $5,000.00. To link these two separate obligations together and call them a "series" of installment payments is a strained and unwarranted interpretation of the plain and unambiguous terms of the agreement.

 Likewise, plaintiffs' contention that the lump sum payment qualifies as an exception to the general installment rule under Treasury Regulation Section 1.71(d)(3) cannot be sustained. Section 1.71(d)(3) provides in substance that installment payments paid over a period of 10 years or less are considered periodic payments for the purposes of Section 71(a) if (a) the payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) the payments are in the nature of alimony or an allowance for support. Here, not only is there a one-time-only payment but also a lump sum computable from the face of the agreement, thus making it nondeductible by the husband under Section 215. [Carmichael v. C. I. R., 14 T.C. 1356; Estate of Orsatti v. C.

I. R., 12 T.C. 188; see also cases cited in 5 Mertens Law of Federal Income Taxation (Rev.), Sec. 31A.03, p. 39, n. 16.] Moreover, as we have already indicated, liability for the $5,000.00 payment was a separate and distinct obligation which arose only upon the happening of the contingency of remarriage within 5 years. We are not dealing with the typical situation envisioned by Section 1.-71(d)(3) where installment payments terminate upon the happening of a contingency.

This court holds that the lump sum payment of $5,000.00 was not a "periodic payment" and therefore was not deductible by Linsley.

It is therefore by the Court ordered that judgment be and the same is entered for the defendant, including costs.