Darrell L. SECHREST and Evelyn F. Sechrest, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. C-56-G-72.

United States District Court, M. D. North Carolina, Greensboro Division.

Nov. 29, 1972.

William W. Jordan, Greensboro, N. C., for plaintiffs.

William L. Osteen, U. S. Atty., Greensboro, N. C., for defendant.

## MEMORANDUM OPINION

GORDON, Chief Judge.

This action was initiated by the plaintiffs for a refund of federal income taxes and interest in the amount of $4,418.40 paid by the plaintiffs for the year 1967. The parties have stipulated to the facts of the case and the matter is now before the Court on cross motions for summary judgment.

The plaintiff, Darrell Sechrest, married Barbara Sechrest in 1945. There were two children born during the marriage. Darrell and Barbara separated in 1961 and on April 2, 1965, they executed a contract and deed of separation dated March 31, 1965. The contract and deed of separation was incorporated into a divorce decree granted on April 26, 1965.

Under the contract and decree of separation, Darrell Sechrest promised to make monthly payments for the support and maintenance of Barbara and their

two minor children. The monthly payments were on a sliding scale ranging from a possible $250.00 a month, to $1,-375.00 a month, depending on Darrell's annual adjusted gross income. Also incorporated into the contract and decree was an agreement by Darrell Sechrest that in the event his former wife Barbara remarried, he would pay to her within thirty days after her remarriage "a lump sum in an amount equivalent to twelve times the monthly payment due and payable by the party of the first part [Darrell Sechrest] to the party of the second part [Barbara Sechrest] for the month preceding the month in which the party of the second part remarries."

In 1967 Barbara Sechrest remarried and at the time of her remarriage, the plaintiff Darrell Sechrest was making payments of $750.00 per month. The plaintiff complied with the agreement and made a lump sum payment of $9,-000.00 to Barbara.

Then Darrell also remarried in 1967 and in filing a joint income tax return for that year, the plaintiffs claimed a deduction of alimony in the amount of $15,875.00 of which $6,875.00 was the sum of the regular monthly payments made to Barbara before her remarriage. The Commissioner of Internal Revenue disallowed the remaining $9,000.00 and assessed a deficiency which the plaintiffs paid prior to instituting this suit.

The very narrow question of law facing this Court is whether periodic alimony payments when lumped together and paid at one time lose their "periodic" character and hence are no longer deductible by the payor. In attempting to answer this difficult question, the Court was greatly aided by excellent briefs by counsel for both parties and after much study and consideration, the Court concludes that the final payment made by the plaintiff did not lose its periodic status, and therefore, the Commission incorrectly assessed a deficiency against the plaintiffs.

The relevant sections of the Internal Revenue Code are § 71(a)(1) and § 215 (a). Section 71(a)(1) reads as follows:

"DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation."

Section 215(a) reads in pertinent part:

"GENERAL RULE.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year."

The Commissioner first questions whether the $9,000.00 payment was even in the nature of alimony or whether the payment was more of a property settlement between the divorced spouses. He points out that the $9,000.00 payment has little resemblance to the $750.-00 payments which are admittedly a division of income and admittedly periodic alimony payments. However, a reading of the rather lengthy contract and separation decree, particularly the paragraphs dealing with the division of property, convinces the Court that the $9,-000.00 payment was not a part of the property settlement but a continuation of the division of income.

The Court is influenced by the fact that the size of the payment to be made on the remarriage of Barbara was determined by the amount of her monthly payment which in turn was determined solely on the plaintiff's annual income. Other factors which the Court finds pertinent in determining that the payment was in the nature of alimony or the obligation of marital support are the fact that the payment was contin-

gent on the remarriage of Barbara and that the divorce decree indicates that a great deal of time and study was made in determining the size of the monthly payments which in turn influenced the size of the payment that would be made if Barbara remarried—all of which points to a conscientious effort being made to determine the extent of the plaintiff's obligation to support his divorced wife. Bernatschke v. United States, 364 F.2d 400, 176 Ct.Cl. 1234 (1966).

██ The Commissioner next argues that, even assuming the payment was in support of the plaintiff's marital obligation, it could not be deducted as a periodic payment as the agreement itself calls for a "lump sum." Admittedly, the $9,000.00 payment appears to be outside the generally accepted notions of periodic payments, and yet the payment is tied inseparably to the monthly payments. If it is a lump sum payment, it is clearly a lump sum of periodic payments. Had the agreement provided for the monthly payments to continue for one year after the remarriage of Barbara instead of giving her the twelve payments at once, there would be no question that the payments were periodic and therefore deductible. Hollander v. Commissioner of Internal Revenue, 248 F.2d 523 (9th Cir. 1957).

The Commissioner has directed the Court's attention to four cases which he contends support his position that any type of lump sum payment cannot qualify as periodic payments. An examination of these cases, however, reveals several features which distinguish them from the instant case and which prevent these cases from being conclusive in this matter.

In the case of Norton v. Commissioner of Internal Revenue, 192 F.2d 960 (8th Cir. 1951), the separation agreement provided for periodic alimony payments and in addition to these payments, a sum of $5,000.00 as additional alimony was to be paid forthwith. The court decree of divorce made no reference to the $5,000.00, but it was paid by the plaintiff.

The $5,000.00 was disallowed as an alimony deduction by the Commissioner and the Tax Court sustained the Commissioner's ruling. The Court of Appeals affirmed the Tax Court and noted that since the $5,000.00 was not a part of the court decree as was the periodic payments, the $5,000.00 was a part of a voluntary agreement, and therefore, the two agreements were separate and distinct obligations. The Court quoted with approval from the decision of the Tax Court:

> "'[I]t is clear that the $5,000, not decreed by the court as was the $200 a month, is by that fact separated from the periodic payment of alimony and *can not with logic be viewed as merely one of the recurring or periodic payments, though in a larger amount than $200.*'" (Emphasis added) 192 F.2d at 962.

The Court seems to imply that had the $5,000.00 payment been a part of the same decree and had it been sufficiently tied to the periodic payments, it could have been considered a periodic payment even though in a larger amount.

In the case of Lounsbury v. Commissioner of Internal Revenue, 321 F.2d 925 (9th Cir. 1963), the divorce decree provided for monthly alimony payments in the amount of $250.00 and a payment of $10,000.00 or a home of equivalent value to be paid or provided within two years of the decree. The Commissioner and the Court rejected the taxpayer's argument that the $10,000.00 was simply a "balloon" payment and the final in a series of periodic payments. The Court noted that the lump sum payment in that case was "an arrangement by which a capital transfer was accomplished between husband and wife" rather than "'periodic payments' by which the wife shared in the husband's income":

> "We may assume, arguendo, that the payment was in discharge of a marital (as distinguished from property) obligation. The controlling question, to us, is the manner in which that duty was met. Here, pursuant to agree-

ment and decree, it was by a lump-sum payment. It was not by 'periodic payments' by which the wife shared in the husband's income. It was rather by an arrangement by which a *capital transfer* was accomplished between husband and wife." (Emphasis added) 321 F.2d at 926.

In this case the court rejected the "balloon payment" argument because the payment was a fixed amount and had no relationship to the taxpayer's income, and therefore was more in the nature of a capital transfer.

The Commissioner also directs the Court's attention to the case of Commissioner of Internal Revenue v. Senter, 242 F.2d 400 (4th Cir. 1957). In the *Senter* case the plaintiff agreed to a separation agreement whereby his wife would receive one-third of the amount that the plaintiff was entitled to receive from the estates of his grandparents. He further agreed that should his wife remarry, he would pay her a cash sum equal to what she would be entitled to for a three-year period. When the wife remarried, she was entitled to a lump sum of $43,485.27 which was paid to her. The Court held that this sum did not constitute a periodic payment. The Court discussed the difference between periodic payments and larger, undivided amounts and stated that it was the Court's belief that Congress established the requirement that the payments, to be deductible, had to be periodic because the lump sum or principal payments were usually in the nature of a division of capital rather than a division of the husband's income. The Court concluded that the $43,485.27 was "not paid as an allowance for support, but is a lump sum cash settlement in the nature of a division of property made in lieu of support." The *Senter* case deals with the division of two estates and the Court had no trouble finding that the final payment was simply a division of capital, but in the subject case the final payment was clearly based on the plaintiff's income and as discussed earlier,

was clearly a part of the plaintiff's obligation to support his wife.

And finally, the Court is directed to Lungaard v. United States, 346 F.Supp. 1351 (D.Kan.1972) because of its similarity to the instant case. In that case the taxpayer was paying a $200.00 a month alimony payment and had agreed to pay the wife a lump sum of $5,000.00 if the wife remarried within five years. In deciding that the $5,000.00 payment was not a periodic payment, the Court held that the monthly payment and the lump sum payment were separate and distinct obligations. In the instant case the lump sum payment was tied directly to the monthly payments and was a part of the plaintiff's single obligation to provide marital support.

It is important to note that, except for the *Senter* case which was clearly a division of capital, in each of the cases cited by the Commissioner the final payments which the courts excluded as periodic payments were all definite and certain amounts and were specified in the divorce decree as to the exact amount that the taxpayer would have to pay. Two of the cases involved no future contingency as to the time of the payment but rather the payment was to be paid "forthwith" in the *Norton* case and was to be paid within two years in the *Lounsbury* case. In the *Lungaard* case the final payment was contingent on the remarriage of the wife, but it was a definite figure agreed to in the divorce decree and had no relationship to the monthly payments. The Court had no trouble finding that the final payment was a separate obligation from the taxpayer's obligation to provide support for his spouse.

In summary, all of the cases cited by the Commissioner dealt with cases where the lump sum payment had no relationship to the taxpayer's division of income in carrying out his obligation to provide support for his wife. While several of the cases did question how a lump sum payment could be a periodic payment, these courts were not faced

with a fact situation where the final payment was directly based on the periodic payments and was clearly a division of income. There are cases which have allowed lump sum payments to be deducted as periodic payments such as where the periodic payments were in arrears and had to be caught up. Warley v. McMahon, 148 F.Supp. 388 (S.D.N.Y. 1957). While the twelve payments comprising the $9,000.00 payment in the instant case were not in arrears, the $9,000.00 payment is clearly a part of the plaintiff's obligation arising out of his marital status to support Barbara and is so closely tied to the monthly periodic payments that it cannot be considered as a separate and distinct obligation, and therefore should be considered as a periodic payment.

For the aforesaid reasons, the defendant's motion for summary judgment is denied and the plaintiffs' motion for summary judgment is hereby granted. Accordingly, a judgment will be entered.