**Darrell L. SECHREST and Evelyn F. Sechrest, Appellees,**

v.

**UNITED STATES of America, Appellant.**

**No. 73-1292.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 5, 1973.

Decided Jan. 14, 1974.

L. Sechrest (Darrell), one of the taxpayers, to his former wife was a "periodic" payment within the meaning of Section 71(a) of the Internal Revenue Code of 1954 (26 U.S.C.) and was therefore deductible under Section 215 of the Code.

The facts, fully stipulated, may be summarized as follows: Darrell and Barbara Sechrest (Barbara) were married in 1945 and separated in 1961., On April 2, 1965, they executed a contract and deed of separation, and when they were divorced later that year the instrument was incorporated into the divorce decree. Under paragraph (4)(a) of the contract Darrell agreed to make monthly payments to Barbara for the support and maintenance of her and their two minor children. The monthly payments were to be determined upon a sliding scale, ranging from a possible $250 a month to $1375 a month, based upon Darrell's annual adjusted gross income as defined and ascertained for the purposes of his federal income tax for any one year.

Paragraph (4)(g) of the agreement provided in part as follows:

> In the event the parties hereto shall hereafter be divorced and the party of the second part [Barbara] shall remarry, then upon such remarriage the party of the first part [Darrell] shall pay to the party of the second part within thirty days after such remarriage a lump sum in an amount equivalent to twelve times the monthly payment due and payable by the party of the first part to the party of the second part for the month preceding the month in which the party of the second part remarries.

In 1967 Barbara remarried and at that time Darrell was making payments to her in the amount of $750 per month. Pursuant to the terms of the contract, in August of 1967 Darrell paid Barbara the sum of $9,000 which was twelve times the amount of the payment due in the month immediately preceding the month of Barbara's remarriage. In the 1967 income tax return filed by the taxpay-

Elmer J. Kelsey, Atty., Tax Div., U. S. Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Dennis M. Donohue, Attys., Tax Div., U. S. Dept. of Justice, and William L. Osteen, U. S. Atty., on brief), for appellant.

William W. Jordan, Greensboro, N. C. (Jordan, Wright, Nichols, Caffrey & Hill, Greensboro, N. C., on brief), for appellees.

Before BUTZNER, FIELD and WIDENER, Circuit Judges.

FIELD, Circuit Judge:

The Government appeals from a decision of the district court that a lump sum payment of $9,000 made by Darrell

ers, the $9,000 was included as a deduction for alimony paid to Barbara during the taxable year. The Commissioner disallowed the deduction and this litigation followed.

Section 71(a)(1) of the 1954 Code provides in pertinent part that if a wife is divorced from her husband under a decree of divorce, her gross income includes periodic payments received in discharge of a legal obligation which, because of the marital or family relationship, is imposed upon the husband under the decree or written agreement. The correlative Section 215 allows a deduction to the husband for those payments which are includible in the wife's income under Section 71. These provisions were first enacted by Section 120 of the Revenue Act of 1942 and appeared in the 1939 Code as Sections 22(k) and 23(u), respectively.

In Commissioner of Internal Revenue v. Senter, 242 F.2d 400 (4 Cir. 1957), this court had occasion to consider a similar question under the corresponding provisions of the 1939 Code, and we think this case is controlled by that decision. In *Senter* the husband assigned to his wife for the support of herself and minor son one-third of the income that he was entitled to receive from the estates of his two grandparents. The agreement further provided, as here, that if the wife obtained a divorce and then remarried the periodic payments of income from the estates would cease and in such event the husband would pay to her a cash sum equal to what she would have been entitled to receive under the agreement for a three year period. The husband contended that the cash sum paid to his former wife upon her remarriage was a periodic support payment for which he was entitled to a deduction. Rejecting this argument, the court stated:

"The purpose of 22(k) and 23(u) was to provide for a division of the taxability of income where the income itself was divided between husband and wife pursuant to a divorce or separation agreement, not to tax or to grant deductions with respect to divisions or transfers of property made in final settlement of marital controversies." 242 F.2d at 403.

The opinion cited with approval the language of the Tax Court in Ralph Norton, 16 T.C. 1216, 1218, aff'd 192 F.2d 960 (8 Cir. 1951):

"The word 'periodic' is to be taken in its ordinary meaning and so considered excludes a payment not to be made at fixed intervals but in a lump sum, and the fact that the statute made particular reference to periodic payments is some reason to believe that another kind of payment, that is an initial payment in some larger and undivided amount was considered in a different category. We may, we think, take judicial notice that divorce settlements or decrees not uncommonly provide some considerable amount payable immediately to the wife, in addition to regular or recurring payments for current support thereafter. We consider it reasonable to believe that Congress had such a practice in mind and did not intend to make the wife taxable upon the lump sum, original, or principal payments to be made here, but that it was something in the nature of division of capital, rather than from the husband's income so as to be deductible by him. At any rate, we think Congress failed to provide that such a payment was 'periodic' and that, therefore, it is not within the statute." 242 F.2d at 403.

The court further found that whether the lump sum was an initial payment or was made upon the termination of the periodic payments was immaterial.

The decision in *Senter* accords with the consistent holding of the courts that a lump sum payment does not qualify as periodic even though the motivation for the payment is more akin to the discharge of an alimony responsibility rather than a property obligation. Lundgaard v. United States, 346 F.Supp. 1351, 1353 (D.Kan.1972). As stated in

Lounsbury v. C. I. R., 321 F.2d 925, 926 (9 Cir. 1963), "the controlling question here is not the source of the husband's duty to make provision. We may assume, arguendo, that the payment was in discharge of a marital (as distinguished from property) obligation. The controlling question to us is the manner in which that duty was met."

The district court distinguished *Senter* upon the basis that the payment there involved "the division of two estates" while the payment in the present case was "clearly a part of the plaintiff's obligation arising out of his marital status to support Barbara and is so clearly tied to the monthly periodic payments that it cannot be considered as a separate and distinct obligation * * *." We find this attempted distinction lacking in validity. The lump sum payment in *Senter* did not involve a division of the two grandparents' estates, but rather was a cash settlement computed on the basis of the periodic payments which had been made from the estates to the wife through the partial assignment of income to her. In this respect it was not at all dissimilar from the present case where the amount of the monthly payments was used as a computative factor in arriving at the lump sum payment under the agreement. The only factual variance between *Senter* and the present case is that in *Senter* the periodic payments to the wife were computed with reference to the husband's income as derived from the estates, while here such payments were computed with reference to the husband's total adjusted gross income. In the context of the issue before us this is a distinction of no consequence whatever.

Since we conclude that the lump sum payment herein did not qualify as a "periodic payment" within the meaning of Section 71(a), the judgment of the district court is reversed and the case remanded with instructions to enter judgment in favor of the Government.

Reversed and remanded.