CHARLES R. COLLINS, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collins v. Commissioner
Docket No. 8895-77.
United States Tax Court
T.C. Memo 1979-508; 1979 Tax Ct. Memo LEXIS 17; 39 T.C.M. (CCH) 757; T.C.M. (RIA) 79508; December 20, 1979, Filed Paul M. Cummings,Jerome S. Richman, and Edward P. Guttenmacher, for the petitioner. Jan S. Neiman, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $16,541.15 in petitioner's Federal income tax for 1972. Concessions having been made, the only issue for decision is whether the transfer *18 of certain property by petitioner to Ione Collins in that year constitutes deductible alimony pursuant to section 215. [1]/ All of the facts have been stipulated. Petitioner resided in Virgin, Utah, at the time he filed his petition. He filed his Federal income tax return for 1972 with the Internal Revenue Service Center, Memphis, Tennessee. On May 10, 1962, petitioner and Ione Collins (herein-after Ione) were married. They separated on March 19, 1971, and on August 31, 1971, the District Court of Catawba County, North Carolina, ordered petitioner to pay temporary alimony and support to Ione. Pursuant to that order, petitioner made various payments aggregating $5,493.48 to or on behalf of Ione during 1972, and respondent has allowed a deduction for those payments. The District Court of Catawba County, North Carolina, entered a final judgment on November 22, 1972, pursuant to a counterclaim granting petitioner an absolute divorce from Ione. Pursuant to that judgment, petitioner transferred real and personal property, valued *19 at $42,117.50, to Ione. The transfer consisted of petitioner's one-half interest in their residence and other real property owned as tenants by the entirety, his interest in personalty within the residence, and $5,000 in exchange for certain securities held by Ione. Petitioner also was awarded certain other property. Petitioner claimed an alimony deduction under section 215 for the value of property transferred to Ione. In his notice of deficiency, respondent disallowed the claimed deduction. Petitioner has made no other payments or transfers of property pursuant to the November 22, 1972, order. Section 215 [2]/ provides a deduction for alimony payments to the extent that the payments are included in the receiving spouse's income under section 71. Section 71 [3]/ includes in the wife's gross income periodic payments made to the wife, pursuant to a decree of divorce or separation, which discharge the legal obligation imposed upon the husband because of the marital or family relationship. On the other hand, it is well settled that payments made pursuant to a division of property are capital in nature and hence not in the nature of alimony. Hesse v. Commissioner,60 T.C. 685, 691 (1973); *20 Mills v. Commissioner,54 T.C. 608, 615 (1970), affd. 442 F.2d 1149 (10th Cir. 1971). Here, the type of property conveyed suggests a property settlement rather than alimony. Petitioner transferred to Ione his one-half interest in their residence and other real *21 property owned as tenants by the entirety, and his interest in personalty within the residence. The settlement lacked the characteristics of alimony in that it was not based upon the income or needs of the parties; nor was it contingent in the event of death, remarriage, or change of economic circumstances. Cf., Schwab v. Commissioner,52 T.C. 815 (1969), affd. subnom.Houston v. Commissioner,442 F.2d 40 (7th Cir. 1971); Ryker v. Commissioner,33 T.C. 924, 929 (1960). Further, although we are not bound by the labels placed upon the payment by the State court, but rather look to the substance of the payment, Bardwell v. Commissioner,38 T.C. 84, 90 (1962), affd. 318 F.2d 786 (10th Cir. 1963); Ryker v. Commissioner,supra, the divorce court judgment here labels the payment a "property settlement and division of property." Indeed, the judgment specifically states that: The Defendant shall not pay to the Plaintiff at any time in the future any support, maintenance or alimony, and the Plaintiff is hereby forever barred from any and all claims for the same. Thus, we conclude *22 that here, the property transfer and the $5,000 cash payment were part of a property settlement rather than alimony or support. No deduction, therefore, may be allowed for them. Petitioner argues that the payment made pursuant to the November 22, 1972, decree was a periodic payment and thus constitutes alimony. [4]/ Petitioner observes that pursuant to North Carolina law, [5]/ a court of that State which grants a divorce decree and alimony payments has the power to modify or vacate the order granting the payments. Petitioner reasons that because the District Court of Catawba County, North Carolina, entered the decree, it has continuing jurisdiction over the decree. Petitioner concludes that the decree is contingent under the regulations [6]/ and thus periodic because, under local law, the decree may be changed by the court due to a change in the spouse's economic status. *23 Although it is true that N.C. Gen. Stat. sec. 50-16.9 (1976) [7]/ provides that an "order * * * for alimony" may be modified, we are unconvinced that the November 22, 1972, divorce judgment is subject to modification. The court entered the judgment granting petitioner an absolute divorce and approving the division of property in settlement of all matters and things in controversy between Ione and petitioner without awarding Ione alimony. North Carolina courts may not modify "a judgment which purports to be a complete settlement of all property and marital rights between the parties and which does not award alimony within the accepted definition of that term." Bunn v. Bunn,262 N.C. 67, 136 S.E.2d 240, 243 (1964); see Seaborn v. Seaborn,32 N.C. App. 556, 233 S.E.2d 67, 69 (1977). This is in accord with the general rule that a statute which authorizes modification of an award of alimony does not permit the Court to subsequently insert a provision for alimony in a decree which did not originally provide for alimony. Savage v. Savage,203 S.E.2d 151, 152 (W.Va. 1974); Taylor v. Taylor,241 S.C. 462, 128 S.E.2d 910, 912 (1962); *24 McClure v. McClure,4 Cal.2d 356, 49 P.2d 584, 586 (1935). Assuming, Arguendo, that the payment is in the nature of alimony so that the decree is subject to modification, we nevertheless reject petitioner's conclusion that the payment is periodic on the theory the North Carolina court could modify the decree. Petitioner transferred the property to his ex-wife. Although the North Carolina court may modify a decree awarding alimony due to a change in the economic status of the wife, it cannot order the wife to return any of the property to petitioner. White v. White,179 N.C. 592, 103 S.E. 216, 218 (1920). Consequently, any contingency which exists applies only to possible future payments that the court may deem appropriate.Such contingency does not apply to the payment which has been made. Merely because the North Carolina court can require additional payments, which may qualify as alimony, does not transform the original property transfer and lump sum cash payment into a periodic alimony payment. The word "periodic" is to be taken in its ordinary meaning and excludes a payment made in a lump sum. *25 Norton v. Commissioner,16 T.C. 1216, 1218 (1951), affd. 192 F.2d 960 (8th Cir. 1951). Thus, the payment here does not constitute a periodic payment and is not alimony under section 71. Petitioner cites Rev. Rul. 59-190, 1959-1 C.B. 23, to support his conclusion that the payment is periodic. In that ruling, the Commissioner stated that because the courts of the State of Washington had the power to modify alimony payments, such payments, even if not otherwise contingent, could be considered periodic.There, however, the taxpayer was required to pay to his wife a stated sum per month for 4 years. Because these future payments, which were in the nature of alimony, could be modified by the local court and would terminate at the wife's death, the Commissioner concluded that they were contingent and hence periodic. In contrast, in the instant case, the property transfer and payment which have been made cannot be modified and thus are not subject to a contingency. Moreover, the transfer and cash payment were made in settlement of property rights, not as alimony or payments in the nature of alimony. Accordingly, Rev. Rul. 59-190 is *26 inapposite here. Petitioner also contends that the payment was in lieu of the temporary alimony payments. Because it merely substituted for the deductible payments, petitioner concludes that the payment should also be deductible. We disagree. Section 71 provides that periodic payments will constitute alimony. It does not, however, refer to a payment in lieu of periodic alimony payments. Such a payment is a lump sum payment and hence nonperiodic. Sechrest v. United States,490 F.2d 102, 104-105 (4th Cir. 1974), cert. denied 419 U.S. 826 (1974); Lundgaard v. United States,346 F.Supp. 1351, 1353 (Kan. 1972); Hardy v. Commissioner,59 T.C. 857, 859 (1973). Petitioner's reliance upon Myers v. Commissioner,212 F.2d 448 (9th Cir. 1954), revg. a Memorandum Opinion of this Court, is misguided. In Myers, the taxpayer was required to pay a monthly sum for a number of years. The court held that because the agreement in that case provided for a fixed number of monthly payments, rather than specifying the exact sum to be paid by the taxpayer-husband, the payments were periodic rather than installments *27 of a principal sum. Myers is factually inapplicable because here we are concerned with a property settlement and lump sum payment, rather than a number of alimony payments made over a period of time. Moreover, since Myers was decided, the Internal Revenue Code of 1954 and sec. 1.71-1(d)(3)(i), Income Tax Regs., have been adopted, and Myers has little precedential value. Kent v. Commissioner,61 T.C. 133, 136-138 (1973). It is not controlling here. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.
2. / Sec. 215 provides in pertinent part: In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. ↩
3. / Sec. 71(a) provides in pertinent part: (1) Decree of divorce or separate maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or other-wise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.↩
4. / Payments made over a period of time ending 10 years or less from the date of the decree are considered installment payments of a principal sum, rather than periodic payments, unless (sec. 1.71-1(d)(3)(i), Income Tax Regs.): (a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b↩) Such payments are in the nature of alimony or an allowance for support. 5. / N.C. Gen. Stat. sec. 50-16.9 (1976) provides in pertinent part: (a) An order of a court of this State for alimony or alimony pendente lite, whether contested or entered by consent, may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested. * * * ↩
6. / Sec. 1.71-1(d)(3)(ii), Income Tax Regs.↩, provides that payments may qualify as periodic under sec. 71(a) regardless of whether "the contingencies * * * are set forth in the terms of the decree, instrument, or agreement, or are imposed by local law."
7. / See footnote 5, supra↩.