JOHN E. NEMETZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nemetz v. Commissioner
Docket No. 6318-82
United States Tax Court
T.C. Memo 1983-676; 1983 Tax Ct. Memo LEXIS 111; 47 T.C.M. (CCH) 282; T.C.M. (RIA) 83676; November 10, 1983. B. Roland Freasier, Jr. and Gary S. Cook, for the petitioner. T. Keith Fogg, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: Respondent determined a deficiency in petitioner's income tax for 1978 in the amount of $64,969.37. The *112 parties have reached a partial settlement and the only issue for the Court to decide is whether the transfer of certain lots of real estate to petitioner's former wife in connection with their divorce in 1978 constitutes a deductible alimony payment under section 215. [1]
This case was submitted as fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure.[2] The stipulated facts and exhibits are incorporated herein by this reference. Petitioner resided in Hopewell, Virginia, at the time the petition was filed. He timely filed his 1978 Federal income tax return pursuant to a valid extension. Petitioner and Susan K. Nemetz were married June 12, 1939, in the County of Prince George, Virginia. This marriage terminated by divorce on June 13, 1978. In the divorce proceeding the Virginia court noted that John Nemetz was well educated in the insurance field, that Susan Nemetz had no educational *113 training in any specialty, and that both parties, John, then aged 68, and Susan, then aged 63, did not enjoy good health. A lump sum payment of $146,500 in addition to the $1,250 monthly payments was awarded Susan. Petitioner was given the option, in lieu of paying the $146,500 in cash, of conveying certain real property to Susan. The Final Decree of the Circuit Court of the City of Hopewell, Virginia, in relevant part, ordered the petitioner to-- pay to Defendant, Susan K. Nemetz, the sum of $1,250.00 per month for her maintenance and support, commencing on the 1st day of July, 1978, and continuing on the 1st day of each month until further order of this Court. Furthermore, it is ORDERED that the said Complainant [the petitioner] pay to the said Defendant the sum of $146,500.00. However, he shall have the option, in lieu of paying said sum in cash, to convey to the Defendant Lots 1, 2, 3 and 4, Block 8, Cedar Level Subdivision, Hopewell, Virginia, and Lots 1 through 7, Block 24 Woodlawn Subdivision, Hopewell, Virginia; provided, however, that this option may be utilized only for the first thirty days following the entry of this Order. * * * And it appearing to the Court *114 that the Complainant has indicated his desire to appeal this matter to the Supreme Court of Virginia, it is herewith ORDERED that the implementation of the lump sum payment is postponed until the Supreme Court of Virginia has acted upon the application for a Writ of Error and Supersedas. The payment of support, However, is not suspended. Under this option, petitioner elected to satisfy the lump sum award by transferring the designated parcels of real estate. During 1978, petitioner made the following payments of cash and real estate in lieu of cash to his former wife in accordance with the terms of the final decree of divorce: Payment Date
Amount
On or about June 30
$146,500.00
(appraised value of
real estate transferred)
July 1
1,250.00
August 1
1,250.00
September 1
1,250.00
October 1
1,250.00
November 1
1,250.00
December 1
1,250.00
$154,000.00
Petitioner deducted the above total as alimony on his 1978 income tax return. Respondent does not contest the deduction of the six payments of $1,250 each. The issue for decision is whether petitioner is entitled to a deduction for alimony under section 215 for $146,500, the value *115 of the property transferred. Section 215 allows a divorced husband to deduct payments he makes to his former wise if those payments are includible in her gross income under section 71. Section 71(a)(1) [3] requires the former wife to include in her gross income periodic payments under a divorce decree received in discharge of a legal obligation imposed on the husband because of the marital relationship. The language of this section is determinative of the issue in this case. The critical word is "periodic." The word "periodic" is to be taken in its ordinary meaning and, so considered, excludes a payment not to be made at fixed intervals but in a lump sum. [4]Norton v. Commissioner,16 T.C. 1216, 1218 (1951), affd. 192 F.2d 960 (8th Cir. 1951). *116 Petitioner attempts to characterize both awards in the divorce decree as "periodic" because both awards were made pursuant to section 20-107 of the Code of Virginia in force at the time of the divorce proceeding. [5] However, that statute does not denote all awards made thereunder as periodic payments, but rather distinguishes "periodic payments for maintenance and support * * * [and] a lump sum payment, based upon consideration of the property interests of the parties * * *." *117 The Virginia court in its decree made two distinct awards in favor of Susan Nemetz pursuant to section 20-107 of the Virginia Code. The first award was for $1,250.00 per month for her maintenance and support and the second award was for the sum of $146,500.00, which the court specifically identified in the decree as a lump sum payment. [6] In situations similar to this case where lump sum payments have been ordered in addition to monthly payments, the courts have found the lump sum payments not to be periodic. Sechrest v. United States,490 F.2d 102 (4th Cir. 1974), revg. and remg. 351 F. Supp. 344 (M.D.N.C. 1972); Senter v. Commissioner,75 T.C. 1204 (1956), affd. 242 F.2d 400 (4th Cir. 1957); Tate v. United States,207 F. Supp. 426 (E.D. Tenn. 1962); Knowles v. United States,182 F. Supp. 150 (S.D. Miss. 1960), affd. per curiam 290 F.2d 584 (5th Cir. 1961). Thus under section 71(a), petitioner's lump sum payment does not qualify as a periodic payment. *118 Petitioner, however, argues that the provisions of section 1.71-1(d)(3)(i) and (ii), Income Tax Regs., apply, and that thereunder the $146,500 payment would be deemed to be periodic. Section 1.71-1(d)(1), Income Tax Regs., provides the general rule that installment payments discharging a principal sum specified in the decree are not considered periodic. Section 1.71-1(d)(3), Income Tax Regs., however, provides that where installment payments are for less than ten years, they will be considered periodic (1) if the payments are based on a contingency and (2) if they are in the nature of alimony. Petitioner argues that under Code of Virginiasection 20-107, the lump sum payment is contingent on the survival of petitioner. The Virginia courts, however, grant lump sum payments in addition to periodic payments where special equities exist, or where there is an impelling reason for the necessity or desirability of a lump sum payment. Turner v. Turner,213 Va. 42, 189 S.E. 2d 361 (1972). In petitioner's divorce proceeding, the Virginia court explained the special equities and impelling reasons for the necessity of the lump sum payment. Susan had *119 no educational training in any specialty, did not enjoy good health, and could not become self-supporting. The letter opinion [7] provided: "The Court realizes that the order of support will end upon the death of the complainant [petitioner] and because the respondent [Susan] is not and cannot be self-supporting, makes the lump sum payment in addition to spousal support." In light of the above factors and the language of the letter opinion, it is clear that the lump sum payment was not contingent but was an absolute award which became fixed on the date of the decree and which was to be paid on that date or very shortly thereafter. Since the lump sum payment was not based on a contingency, petitioner fails to satisfy the first of the two requirements of section 1.71-1(d)(3), Income Tax Regs.
Petitioner also fails to meet the second requirement of section 1.71-1(d)(3), Income Tax Regs., that the payment be in the nature of alimony. In determining *120 whether a payment is in the nature of alimony or in the nature of a property settlement, courts have looked to several factors. The fact that the payment was in lump sum form is a strong indication that a property settlement was involved. Pierce v. Commissioner,66 T.C. 840, 847 (1976). Where the payment is made out of a capital asset and not funded by current income, it has all the elements and characteristics of a division of capital, and hence, a property settlement. McCombs v. Commissioner,397 F.2d 4 (10th Cir. 1968), affg. T.C. Memo. 1967-124. Where the payment is required without regard to remarriage or death, a property settlement is indicated. Riley v. Commissioner,649 F.2d 768 (10th Cir. 1981), affg. T.C. Memo. 1979-237. Petitioner also argues that there was no "principal sum" due and therefore that the $146,500 award should not be treated as nonperiodic under section 71(c)(1). This argument is based on the possible fluctuation in the value of the specified parcels of property during the 30-day option period after the date of the decree. Betitioner relies on Swendseen v. Commissioner,T.C. Memo. 1978-501, *121 where this Court found that a 10-year option period in which to make a lump sum payment sufficiently created a sales price contingency which negated the fairly definite character of the principal sum due. In the present case, there is no sales price contingency created by the 30-day option. Clearly, the option granted by the Virginia court for the brief period of 30 days was intended merely as an alternative form of payment of $146,500. Thus, there is a principal sum of a fairly definite character that falls within the general rule of section 71(c)(1). Baker v. Commissioner,205 F.2d 369 (2d Cir. 1953), revg. in part 17 T.C. 1610 (1952). For the reasons set forth above, it is concluded that under section 71 the $146,500 payment at issue was a lump sum payment and not a periodic payment. The payment is not deductible by petitioner under section 215. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the 1978 taxable year.↩
2. Unless otherwise indicated, all references to rules are to the Tax Court Rules of Practice and procedure.↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of divorce or separate maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. ↩
4. Webster's Third New International Dictionary (1981) defines "periodic" as (a) occurring at regular intervals; (b) occurring repeatedly from time to time; (c) consisting of a series of stages or processes that is regularly repeated. Webster's New Collegiate Dictionary (1975) defines "periodic" as (a) occurring or recurring at regular intervals; (b) consisting of or containing a series of repeated stages. The common theme is that there be more than one in order to be considered "periodic." At every instance where "periodic" is used in section 71 and the relevant income tax regulations, it modifies a plural noun.↩
5. Code of VirginiaSec. 20-107. Court may decree as to maintenance and support of parties and custody of children.--Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, and upon decreeing that neither party is entitled to a divorce, the court may make such further decree as it shall deem expedient concerning the maintenance and support of the parties, or either of them, and the care, custody and maintenance of their minor children, and may determine with which of the parents the children or any of them shall remain, provided, that the court shall have no authority to decree support of children or support and maintenance of the spouse to continue after the death of the person ordered to pay such support and maintenance. Upon decreeing a divorce from the bond of matrimony, the court may allow either party to resume a former name. The court shall, in determining such support and maintenance for the spouse or children, consider the following: (1) The earning capacity, obligations and needs, and financial resources of the parties; (2) The education and training of the parties and the ability and opportunity of the parties to secure such education and training; (3) The standard of living established during the marriage; (4) The duration of the marriage; (5) The age, physical and mental condition of the parties; (5a) The contributions, monetary and nonmonetary, of each party to the well-being of the family; (5b) The property interests of the parties, both real and personal; (6) Such other factors as are necessary to consider the equities between the parties. In addition to or in lieu of periodic payments for maintenance and support of a spouse, the court may, in its discretion, award a lump sum payment, based upon consideration of the property interests of the parties except those acquired by gift or inheritance during the marriage. Provided, however, that no permanent support and maintenance or lump sum payment for the spouse shall be awarded by the court from a spouse if there exists in his or her favor a ground of divorce under any provision of §§ 20-91(1) through (8) or 20-95. (Repealed 1982 Va. Acts, c. 309.)↩
6. Although labels assigned to the payments by a court in a divorce proceeding do not control the characterization of those payments, Beard v. Commissioner,77 T.C. 1275, 1283-84↩ (1981), the Court in the instant action agrees with the Virginia state court in its characterization of the $146,500 payment as a lump sum payment.
7. In this divorce case, the Virginia court issued a letter opinion finding facts and making conclusions of law. Based on the letter opinion, the attorney for Susan Nemetz prepared the final decree at the direction of the court.↩