**F. Harold VAN ORMAN, Jr., and Jeanne L. Van Orman, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 17537.**

United States Court of Appeals Seventh Circuit.

Oct. 14, 1969.

Jerome B. Van Orman, Fort Wayne, Ind., for appellant.

Johnnie M. Walters, Asst. Atty. Gen., Janet R. Spragens, Attorney, Tax Division, U. S. Department of Justice, Washington, D. C., Lee A. Jackson, Meyer Rothwacks, Attorneys, Department of Justice, Washington, D. C., for appellee.

Before DUFFY, Senior Circuit Judge, KERNER, Circuit Judge and CAMPBELL [1], District Judge.

DUFFY, Senior Circuit Judge.

This is an appeal from the Tax Court of the United States. The facts were fully stipulated. The Tax Court determined deficiencies in the income tax returns of petitioners for the years 1962 and 1963 in the respective amounts of $7,243.21 and $3,620.22.

Petitioners, as husband and wife, filed joint income tax returns for the years 1962 and 1963. Petitioner, F. Harold Van Orman, Jr., had been married to Rae Van Orman on January 24, 1954. On April 28, 1960, while a suit for divorce was pending between them, a written instrument was executed by them entitled "Property Settlement Agreement." On

8.  The asserted violation of Chapter 11.02 and 11.15 is not involved in this appeal. (see note 2, *supra*).

1.  Judge Campbell, Chief Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

the same date, an Indiana Superior court entered a decree of absolute divorce. The decree incorporated the written agreement hereinbefore mentioned.

The agreement provided F. Harold Van Orman, Jr., hereinafter referred to as taxpayer, would pay Rae Van Orman, hereinafter referred to as Rae, alimony of $1,300 to $900 per month for a period of ten years and one month, the specific amount depending on taxpayer's income during that period. Taxpayer also agreed to pay specified amounts as child support. The alimony payments were to cease upon Rae's remarriage.

In addition to the foregoing provisions, the taxpayer, in the Property Settlement Agreement, agreed to provide Rae, within ten years, a home which she would choose and which was to cost no more than $40,000. It was explicitly provided that the purchase of a new home for Rae was not to be affected by her remarriage. Title was to be in taxpayer's name. However within ten years of the divorce, taxpayer was to deliver free and clear title to Rae.

In January 1962, Rae selected a house and taxpayer bought it for $37,500. He paid $7,700 down and borrowed $28,800 for the remainder. He received a warranty deed. Taxpayer secured the loan by two mortgages on the house.

In 1962, taxpayer made monthly payments totaling $2,386.64 on the mortgage loan. In 1963, he paid $2,298.07 for that that purpose. He also paid $199.35 and $274.32 in 1962 and 1963, respectively, for insurance on the house. At all times the title to the house was in taxpayer's name.

In his federal income tax returns for 1962 and 1963, taxpayer deducted as alimony payments, the $10,285.99 and $2,-572.39 that he paid toward the purchase price, insurance and the indebtedness on the house bought pursuant to the Property Settlement Agreement. The Commissioner disallowed the claimed deductions. The Tax Court held that such payments were not "periodic" and were not in discharge of a continuing obligation to support and therefore denied taxpayer the claimed deductions.

Section 215(a) of the Internal Revenue Code of 1954 permits a husband to deduct alimony payments made to a former wife within his taxable year. However, such payments are deductible only if the former wife includes such payments in her gross income under the limitation of Section 71. (26 U.S.C., 1964, § 71).

Section 71(a) (1) provides that periodic payments are income to the ex-wife if they are received after a decree of divorce and in discharge of the husband's "legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation." This statute contemplates a payment made in pursuance of the husband's obligation of support and not in satisfaction of some property rights of the former spouse. Soltermann v. United States, 272 F.2d 387, 388 (9 Cir., 1959).

The agreement in the instant case contains specific provisions for support in terms of alimony. The amount of such alimony payments would vary according to the taxpayer's economic status. Furthermore, these payments would cease if Rae remarried. By contrast, the payments made by reason of the absolute obligation to purchase the new home would not be affected by such factors as remarriage or change in economic status. It is apparent the purchase of the new home was in satisfaction of some property right and not a periodic support payment.

Taxpayer's obligation was to provide a home of a value not to exceed $40,000 within ten years of the date of the divorce decree. Assuming, arguendo, that the down payment was in discharge of a support rather than a property obligation, it would not constitute a periodic payment. The obligation was to provide a lump sum to the ex-wife. It was not a periodic payment by which the ex-wife shared in the husband's income. The mere fact that taxpayer chose to pay

off the basic obligation in conveniently small amounts does not change the character of the basic obligation. It simply permitted taxpayer to arrange for the basic capital transfer in convenient payments. This may not be used as a method of imposing an unjust tax burden upon the ex-wife. Lounsbury v. Commissioner of Internal Revenue, 321 F.2d 925 (9 Cir., 1963).

■ We think the Tax Court was correct in holding the payments made by taxpayer by reason of the mortgage and the insurance were not periodic as provided in Section 71. To be "periodic" the payments must be for an indefinite time or conditional and therefore indefinite in amount. Baker et ux. v. Commissioner of Internal Revenue, 205 F.2d 369, 370 (2 Cir., 1953); Fidler v. Commissioner of Internal Revenue, 231 F.2d 138 (9 Cir., 1956). If they are definite in time and amount they must last longer than ten years in order to be deemed "periodic." 26 U.S.C. § 71(c) (2). Neither was the case in the settlement agreement. It is a reasonable conclusion that the parties understood the payments to be made under the agreement were not periodic. They also understood they were not installment payments on a lump sum obligation to last longer than ten years.

As in Lounsbury v. Commissioner of Internal Revenue, *supra,* if the mortgage and insurance payments in the instant case were regarded as alimony, a result would be reached which never was intended by the parties. The ex-wife would be subject to a tax for what never was intended to be "income" or "support."

We think the Commissioner was correct in regarding the rationale of Sections 215 and 71 of the Internal Revenue Code of 1954 as contemplating only those payments which constitute the continuing support of the ex-wife, includible in her income and thus deductible by the ex-husband, as opposed to those which simply represent a division of marital assets.

We agree with the Tax Court that Section 71(a) (1) requires that to be includible in the wife's gross income and thus properly deductible by the husband, the payments must qualify as periodic payments.

We agree with the Tax Court that taxpayer's down payment, mortgage and insurance payments were neither for Rae's support nor periodic.

The judgment of the Tax Court is Affirmed.