Robert E. HOUSTON, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Mary SCHWAB, formerly Mary R. Houston, Petitioner-Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

Nos. 18264, 18265.

United States Court of Appeals, Seventh Circuit.

May 4, 1971.

William C. Golden, Chicago, Ill., Robert E. Meldman, Milwaukee, Wis., Robert A. Downing, Theodore N. Miller, Chicago, Ill., for Robert E. Houston and Mary Schwab; Sidley & Austin, Chicago, Ill., of counsel.

Johnnie M. Walters, Asst. Atty. Gen., Tax Div., William K. Hogan, Lee A. Jackson, Elmer J. Kelsey, Attys., Dept. of Justice, Washington, D. C., for C. I. R.

Before DUFFY, Senior Circuit Judge, FAIRCHILD, Circuit Judge and CAMPBELL, United States Senior District Judge.[1]

DUFFY, Senior Circuit Judge.

The case before us involves the treatment for federal income tax purposes of payments made by a husband to his

1. Senior District Judge Campbell sitting by designation.

former wife pursuant to the terms of a written agreement which was incorporated in a judgment rendered in a divorce suit. Based upon stipulated facts, the Tax Court held that none of the payments in issue which were made in the year 1959 by appellant Robert E. Houston to his former wife were deductible by Houston or includable in the taxable income of his former wife.

On September 22, 1959, Houston and his wife Mary (hereinafter called Schwab) entered an agreement pending the entry of a divorce decree and subject to court approval which provided that Houston was to transfer to Schwab assets of the agreed value of $505,699.44.

This amount included 1) the homestead; 2) various items of personalty such as automobile, jewelry, furs, personal effects and home furnishings, and 3) insurance policies on Houston's life. The total value of these assets was $90,699.44. In addition to these assets, Houston was to pay to Schwab cash in the total amount of $415,000 of which $115,000 was payable within the month following the rendition of the judgment in the divorce action. Another paragraph of the agreement provided for $300,000 to be payable in twelve annual installments of $25,000 each commencing more than one year after the divorce decree.

On October 20, 1959, a judgment of divorce was entered granting Schwab's petition to divorce Houston. That judgment included verbatim the agreement previously entered into by the parties. During the taxable year (1959), Houston transferred to Schwab the property hereinbefore described plus $115,000 in cash.

Houston filed a federal income tax return for 1959 using the cash basis. Under the heading "Other Deductions," Houston reported the sum of $50,569.94 which he described as "10% of total of 13 periodic payments payable over period of 13 years to former spouse paid pursuant to decree entered October 20th, 1959, in the Circuit Court of Milwaukee County, Wisconsin."

The Commissioner of Internal Revenue notified Houston that there was a deficiency for 1959 in the amount of $43,474.47. This resulted from the disallowance of all but $850 (temporary alimony) of the $50,569.94 which Houston had deducted. The taxpayers then petitioned the Tax Court to review the asserted deficiencies. The cases were consolidated for trial and the facts were stipulated.[2]

The Tax Court determined "That the 1959 payments were in the nature of a property settlement and do not qualify as one of a series of installment payments within the meaning of Section 71 (c)."

The Tax Court based its decision on three principal grounds— 1) the nature (cash, realty, personalty and insurance policies) and the amount ($205,699.44) of the assets transferred in 1959, "is suggestive of a property settlement rather than the discharge of a recurrent, periodic obligation"; 2) the 1959 transfers are "distinguished from those in later years by the time of payment"; and 3) "the language appearing in both paragraphs 1 and 2 of the settlement stipulation that 'the estate both real and personal of defendant, and so much of the estate of plaintiff as shall have been derived from defendant', shall be finally divided and distributed between the parties and title divested and transferred."

Houston, although conceding that a substantial portion of the 1959 transfer of assets was a property settlement, argues here that at least the $115,000 cash portion should be joined to the later annual payments of $25,000 each and should thus be treated as the first of thirteen annual installments which should further qualify for treatment as a "periodic payment" pursuant to Section 71(c) (1). If this argument is accepted, that amount would be taxable to Schwab and at least a portion of the amount would be deductible by Houston under Section 215 of the Internal Revenue Code.

---

2. The Tax Court's opinion is reported at 52 T.C. 815.

██ To be deductible under Section 215, a transfer must be includable in the wife's income under Section 71, which requires that the transfer must be in discharge of a legal obligation because of the marital or family relationship. Also, it is provided that the payments must be periodic. It is clear that any such payment to qualify as deductible under Section 215 must be for the support of the wife as opposed to a settlement of her interest in the assets.

. We agree with the Tax Court that an attempt to link the 1959 cash payment of $115,000 to subsequent payments so as to form a series is in direct conflict with the intent and framework of the agreement.

We think that the Tax Court correctly noted that the 1959 payment was distinguished from the later amounts both by its size and by the time of payment. In later years, Schwab was to receive $25,000 per year over a twelve year period. In contrast, this payment was in the amount of $115,000 and was to be made only one month following the rendition of the divorce decree. Where there is a substantial payment, such as this, which comes soon after the entry of the divorce decree, we think it is not unreasonable to conclude that a property settlement was intended. Van Orman v. Commissioner of Internal Revenue, 418 F.2d 170 (7 Cir., 1969).

Moreover, we agree with the Tax Court that the framework of the agreement between the parties further indicates that the $115,000 was intended to be part of a property settlement. Both this cash payment and the other assets were to be transferred to Schwab within a short time following the entry of the decree. The agreement groups the provisions for transferring the other property together with the payment of the $115,000. Under these circumstances, we think that the Tax Court correctly pointed to the further language of the agreement which stated that "the estate both real and personal of defendant, and so much of the estate of plaintiff as shall have been derived from defendant, shall be finally divided and distributed between the parties and title divested and transferred."

Appellant argues strenuously that the Tax Court failed to distinguish between cases involving "variable" support payments which accompany a large first-year payment and those cases dealing with "fixed" support payments. In this connection, "variable" support payments are defined as those payments which are contingent upon such circumstances as death or remarriage and hence "vary." When a large first-year payment precedes such "variable" payments, it is argued that one may assume that the large initial payment would be intended for a purpose other than support. That is true, and that was this Court's holding in Van Orman v. Commissioner of Internal Revenue, *supra*. However, we do not think it follows from this that large first-year payments which are to be followed by "fixed" support payments (such as the case before us in which the payment of $25,000 per year is *not* made contingent upon such an occurrence as death or remarriage) should be considered as one of a series of support payments merely for that reason alone. If, as here, the agreement seems to indicate that a property settlement was intended and the amount and time of the payment bear this out, that intent must be recognized.

Finally, we note that no evidence was advanced below to support the proposition that at least some (if not all) of the $115,000 paid out in 1959 should be treated as having been paid for the support of Schwab, and hence meriting the deduction by Houston. The Tax Court noted this fact and we agree with its conclusion that no portion of the $115,000 was for support of the wife.

We hold that the Tax Court correctly determined that the transfer of property and the payment of cash during 1959 by Houston to his former wife, was a property settlement and did not qualify as one of the series of installment alimony payments, taxable to the wife and deductible

to the husband under Sections 71(c) and 215 of the Internal Revenue Code of 1954.

Affirmed.