WILLIAM FONTAINE ALEXANDER III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alexander v. Commissioner
Docket No. 10406-77.
United States Tax Court
T.C. Memo 1979-244; 1979 Tax Ct. Memo LEXIS 280; 38 T.C.M. (CCH) 969; T.C.M. (RIA) 79244; June 26, 1979, Filed William Fontaine Alexander III, pro se. Scott W. Gray, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioner's Federal income tax for the taxable year 1975 in the amount of $1,470.99. [1] As a result of concessions by the parties, the only issue for our decision is whether petitioner, William Fontaine Alexander III (hereinafter petitioner), is entitled to a deduction under section 215, [2] *281 for payments made pursuant to a voluntary oral separation agreement for the support of Marilyn Ruth Alexander (hereinafter Marilyn) during the first seven months of 1975 prior to their divorce on August 20 of that year. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Tempe, Arizona, on the date the petition was filed herein. He was then a single individual who timely filed his Federal income tax return for the taxable year ending December 31, 1975. Petitioner was married to Marilyn on May 31, 1958, and during their marriage had two children. In October 1974, petitioner and Marilyn separated and began living in separate residences. Following their separation, but prior to their eventual divorce on August 20, 1975, petitioner *282 made monthly payments of $1,000 to Marilyn which the parties agree were $500 for her support and $500 for the support of the children. These payments were not made pursuant to any court decree or order; nor were they made pursuant to any written agreement. Petitioner and Marilyn were divorced on August 20, 1975, under a decree which required him, inter alia, to pay Marilyn $500 per month as spousal maintenance. Such payments were made for the months of August through December 1975, and the $2,500 so paid has been allowed by respondent as an alimony deduction. Petitioner deducted the entire $6,000 he paid Marilyn for spousal maintenance in 1975 on his return for that year. Respondent has disallowed the $3,500 of that amount paid for the months of January through July, determining that it does not qualify under section 71(a)(2). OPINION Section 215(a) allows a husband to deduct on his return only those amounts paid to his wife that are includable in the gross income of the wife by virtue of section 71. The controlling statute in this case is section 71(a) which delineates those situations when payments from a husband to a wife, to be used for her support, are required to *283 be included in her gross income. Section 71(a) enumerates three general rules for gross income inclusion of payments incurred under certain decrees or agreements. [3]
*284 Section 71(a) and 215 are to be construed in pari materia. [4] That is, with an exception not applicable here, "there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife." Thus, with the exception noted, to discuss includability by the wife and deductibility by the husband is to talk of different sides of the same coin, and we need only decide whether the payments made by petitioner to his former spouse, Marilyn, were periodic separation payments under the provisions of section 71. If we answer this in the affirmative, then such payments will be qualified deductions under section 215. The parties are in agreement that the payments in issue of $500 per month during separation *285 were not made pursuant to a decree of legal separation, written separation agreement, or decree for support. The respondent does not challenge petitioner's alimony deductions made for the support of Marilyn after the decree of divorce which eliminates from consideration section 71(a)(1). Furthermore, section 71(a)(3) is not at issue because there was no decree for support. The petitioner argues that his oral agreement to make the support payments, coupled with their actual payment, is equivalent to the written agreement required by section 71(a)(2). We do not agree. Both the statute above and the respondent's regulations under section 71 are drafted to require a separation agreement to be in writing. See section 1.71-1(b)(2)(i), Income Tax Regs. An examination of the legislative history reveals that both the committee report of the House, as well as that of the Senate, require a written agreement for deductions under this statutory provision. These reports provide that the treatment of separation payments as deductions "is to be effective only with respect to written separation agreements." H. Rept. No. 1337, to accompany H.R. 8300 (Pub. L. No. 591), 83d Cong., 2d Sess. 9 *286 (1954); S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. No. 591), 83d Cong., 2d Sess. 10 (1954). Furthermore, the cases which have considered the question have steadfastly held that the statute must be applied as it is written, thereby requiring the separation agreement to be in writing. [5] In Clark v. Commissioner,40 T.C. 57, 58 (1963), we stated: The plain words of the statute (section 71(a)(2)) require that there be a "written separation agreement executed after the date of the enactment of this title [Aug. 16, 1954]," as a condition precedent to deduction by the petitioner of the support payments * * * We have great sympathy for petitioner's position. He contends, and respondent does not seem to dispute, that Marilyn returned, and paid tax on, the entire $6,000 she received as spousal maintenance in 1975. Respondent has urged petitioner to advise Marilyn to file a refund claim based upon the $3,500 here in issue and petitioner has done so, but the record does not reveal whether she has taken any action. She *287 should, of course, file such claim without further delay. It is well settled that deductions are a matter of legislative grace, and the petitioner must bring himself squarely within the provisions of the statute granting the deduction to receive relief herein. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Harper Oil Co. v. United States,425 F. 2d 1335 (10th Cir. 1970). A statutory amendment was necessary to place written separation agreements on the same legal footing as parties divorced or separated pursuant to a court decree for alimony purposes, [6] and it would require legislation to do the same for the oral separation agreement here. The mere fact that Congress has not passed a statute to petitioner's liking is not grounds for asserting that a "common-sense" approach should prevail. New Colonial Ice Co. v. Helvering,supra;Tamko Asphalt Products, Inc. v. Commissioner,71 T.C. 824 (1979). It is in the interest of sound public policy and administrative convenience that payments made under *288 non-written agreements be disallowed. Without this rule, the respondent would have no means of testing the validity of separation agreements and the taxpayer's liability under section 71 and section 215. We therefore must hold for respondent. Decision will be entered for the respondent.
Footnotes
1. This is the stated deficiency in the statutory notice of deficiency. The deficiency now sought by the respondent is less than this amount because the petitioner has subsequently agreed to and has been assessed $554.45, leaving a disputed deficiency of $916.54. ↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. -- (1) Decree of Divorce or Separate Maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written Separation Agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for Support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.↩
4. See Stock v. Commissioner,551 F. 2d 614 (5th Cir. 1977); Fox v. United States,510 F. 2d 1330, 1333 (3d Cir. 1975); Houston v. Commissioner,442 F. 2d 40, 42 (7th Cir. 1971); Stevens v. Commissioner,439 F. 2d 69, 71 (2d Cir. 1971); Van Orman v. Commissioner,418 F. 2d 170 (7th Cir. 1969); see, too, Hyde v. Commissioner,301 F. 2d 279, 282↩ (2d Cir. 1962).
5. See Manupello v. Commissioner,T.C. Memo. 1976-237; Kraskow v. Commissioner,T.C. Memo. 1964-234↩.
6. S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. No. 591), 83d Cong., 2d Sess. 10 (1954).↩