WILLIAM LINDSEY BIDDLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Biddle v. Commissioner
Docket Nos. 1705-77, 6411-77.
United States Tax Court
T.C. Memo 1979-347; 1979 Tax Ct. Memo LEXIS 179; 38 T.C.M. (CCH) 1361; T.C.M. (RIA) 79347; August 30, 1979, Filed *179 Held, payments to petitioner's exwife on mobile home were part of a property settlement and not alimony. Held, further, payment of first of two parts of a lump sum alimony settlement which were in satisfaction of petitioner's alimony obligations and which were to be made in less than ten years and were not subject to any contingencies does not qualify as alimony. William Lindsey Biddle, pro se. John P. Tyler, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies in petitioner's income tax and an addition thereto pursuant to section 6653(a) [1] as follows: Docket No. [2]
Year
Deficiency
Sec. 6653(a)
1705-77
1974
$1,634.03
$81.70
6411-77
1975
1,247.88 In addition to these deficiencies, respondent claimed an increased deficiency of $135.82 for 1975 in Docket No. 6411-77. Due to concessions by petitioner, the only issues remaining for our consideration are: (1) whether certain payments in 1974 and 1975 on a mobile home for petitioner's former wife are deductible as alimony; *180 and (2) whether a payment made by petitioner in 1975 to his former wife pursuant to a Final Order of the divorce court is deductible as alimony. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner William Lindsey Biddle filed his Federal income tax returns for the taxable years 1974 and 1975 with the Southeast Service Center, Chamblee, Georgia. Petitioner resided in Sylvester, Georgia, at the time he filed his petition herein. On July 23, 1971, petitioner received a final divorce from his former wife, Peggy Biddle. The judgment of the court was based upon a jury verdict (in which petitioner's wife was the plaintiff and petitioner the defendant) and provided, in pertinent part, as follows: THEREFORE, it is hereby ordered and adjudged as follows: 1. That a total divorce be, and the same is, hereby granted on the plaintiff's complaint, that is to say, a divorce avinculomatrimonii, between the parties to the above-stated case, upon legal principles. * * *
5. The plaintiff is hereby awarded the legal title and the equity in the mobile home where she *181 now resides, and the legal title and possession of all the furniture in the said mobile home. * * *
7. The defendant shall pay the sum of $200.00 per month to the plaintiff, beginning the 23rd day of July, 1971, and continuing on the 23rd day of each month thereafter. * * *
8. The defendant shall pay the plaintiff the sum of $126.00 per month to be used in making the payments on the said mobile home now in her possession. Said payments are to begin on the 23rd day of July, 1971, and to continue on the 23rd day of each month thereafter until the outstanding indebtedness on said trailer is paid in full. * * *
At this time, the mobile home was subject to a financing agreement with the C & S Bank of Albany. The loan was for $5,997.56 and provided for 72 monthly installments of $126.15 beginning May 15, 1971. [3] On August 2, 1972, petitioner and Peggy executed an agreement which *182 modified the Final Judgment and Decree of July 23, 1971, stating, in part: * * *
The Second Party [petitioner] has since incurred serious financial reverses, suffering substantial loss of income and bankruptcy. Due to his loss of income and changed financial condition, Second Party has contemplated the bringing of an action for modification of the said alimony award stated above, and in consideration of a compromise settlement of all causes of action which Second Party may have against First Party [Peggy] by virtue of his loss of income and changed financial status, and in further consideration of the mutual promises of each of the parties herein, IT IS HEREBY AGREED: That Second Party shall pay to First Party as alimony the sum of $100.00 per month beginning on the 23rd day of August, 1972, and continuing on the 23rd day of each month thereafter. * * *
On May 2, 1975, the Superior Court for the County of Dougherty, State of Georgia, entered a Final Order which further modified the Final Judgment and Decree of July 23, 1971. This Order provided in pertinent part as follows: WHEREAS, plaintiff has filed his Complaint to Modify Divorce Decree * * * and any subsequent agreements purporting *183 to modify such decree; and, WHEREAS, the parties hereto have subsequently agreed to the modifications demanded in Plaintiff's Complaint; NOW, THEREFORE, by consent of the parties hereto, and after inquiry into the allegations set out in said Complaint, this Court does find that there has in fact been a change in circumstances materially effecting Plaintiff's [petitioner's] ability to pay the obligations set out in said decree and any attempted modifications to said decree; IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that said divorce decree should be and is hereby modified as follows: Plaintiff is hereby ordered to pay to Defendant [Peggy] the sum of $800.00 upon the signing of this Order and is further ordered to pay an additional sum of $400.00 on or before April 1, 1976 in full satisfaction of any and all alimony obligations to Defendant; * * * On May 9, 1975, petitioner paid the remaining amount due on the mobile home loan and on May 16, 1975, the bank released its security interest in it. On August 19, 1975, petitioner conveyed title to Peggy. On his 1974 income tax return petitioner claimed an alimony deduction of $2,900 as "payments * * * to be made until ex-spouse remarries *184 or dies." Prior to the issuance of the statutory notice applicable to the year 1974, petitioner contended he was entitled to an additional alimony deduction in the amount of $1,551.75 that was not claimed on his return for 1974. In the statutory notice applicable to 1974, respondent did not disallow any part of the $2,900 which was claimed on the return but did not allow a deduction for the previously unclaimed $1,551.75. Petitioner, therefore, asserted he was entitled to a deduction for this amount in his petition. On his 1975 income tax return petitioner claimed a deduction for alimony in the amount of $4,300. In the statutory notice of deficiency applicable to that year respondent disallowed $3,396 of the claimed amount and allowed a deduction of $904, computed as follows: $400
(Four $100 payments to ex-spouse)
504
(Four $126 payments as trailer payments) $904 In his answer to the petition in Docket No. 6411-77 applicable to the year 1975 respondent affirmatively alleged that he erroneously failed to disallow the $504 on the grounds that the $504 represented a portion of a property settlement with the petitioner's ex-wife or, alternatively, represented installment payments of *185 an amount payable in less than ten years which are, therefore, not deductible. OPINION The record is not entirely clear as to the amounts and identity of the payments that petitioner claimed on his 1974 and 1975 returns as alimony or now claims he should have deducted as such but did not. Respondent agrees, however, that in 1974 petitioner made payments to his ex-wife for payment on his mobile home trailer loan that totaled $1,551.75 and that these are the payments that are in issue for 1974. Respondent also agrees that in 1975 petitioner made payments totaling $4,300 made up of the following items: $ 800
Per order of the Court dated May 2,
1975
400
Four $100 payments direct to ex-wife
504
Four $126 payments as monthly trailer
payments
2,596
Additional payment on mobile home
trailer
$4,300
We will first determine whether the payments of $504 and $2,596 in 1975 and $1,551.75 in 1974 relating to payments on the mobile home are deductible as alimony. Section 215 provides that a husband shall be allowed a deduction for amounts includable under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. Section 71(a)(1) provides that if a wife is divorced *186 or legally separated from her husband under a decree of divorce or of separate maintenance, her gross income includes periodic payments received after such decree in discharge of a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree. Section 71(c)(1) provides that for the purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments, except that under section 71(c)(2), if by terms of the decree, the principal sum is to be paid over a period ending more than 10 years from the date of such decree, then the installment payments shall be treated as periodic payments for the purposes of subsection (a) to the extent of 10 percent of the principal sum. Section 1.71-1(d)(3), Income Tax Regs., provides that when payments are to be paid over a period of ten years or less, such payments are not installment payments discharging a part of the specified principal sum, but are considered periodic payments if such payments meet the following *187 two conditions: (a) such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) such payments are in the nature of alimony or an allowance for support. It is clear that the payments on the loan were not to be paid over a period ending more than 10 years from the date of the decree: the payments on the loan commenced May 15, 1971, and were to extend over 72 months, until May 15, 1977; the decree was entered July 23, 1971. Nothing in the decree subjects the payments to a contingency. Petitioner contends, however, that such payments were subject under Georgia law, Ga. Code Ann. secs. 30-201, 30-209, and 30-220[4] *188 *189 , to any one or more of the contingencies of change of death of either spouse, remarriage of the wife, or change in economic status of either spouse, and, therefore, are periodic payments. n5 Petitioner argues only that since these payments *190 were contingent they meet the definition of periodic and must be considered as alimony. In order to qualify under the Regulations as periodic payments for purposes of section 71, however, it is necessary that the payments meet two conditions. First, such payments must be subject to the contingencies listed previously and second, such payments must be in the nature of alimony or an allowance for support. Sec. 1.71-1(d)(3)(i), Income Tax Regs.
Even if such payments were contingent, [6] we believe the decree is clear that the mobile home and the loan payments thereon are property which was awarded to petitioner's wife. The decree specifically awarded legal title and the equity in this property to Peggy.Petitioner finished making payments on the home; immediately after the C & S Bank of Albany released its security interest petitioner conveyed title to her. The fact that petitioner was required to make the monthly payments due with respect to the loan with which the mobile home was purchased does not of itself cause the award of payments on the mobile home to be anything other than a part of the disposition between the two spouses of their property. Cf. Van Orman v. Commissioner,418 F.2d 170 (7th Cir. 1969); *191 Sydnes v. Commissioner, 68 T.C. 170 (1977), revd. on other grounds 577 F.2d 61 (8th Cir. 1978). n7 The original agreement contains specific provisions for support in terms of alimony in addition to the loan repayments. The modification on August 2, 1972, stated that petitioner was to pay his wife "as alimony" $100 per month rather than the $200 per month set forth in the original decree but made no modification of the monthly loan payments. The Final Order issued May 2, 1975, required petitioner to pay $800 upon signing the Final Order and an additional $400 later. Petitioner, in addition to this $1,200, paid the balance due on the loan and transferred title in the home to Peggy. Thus, the amount to be paid on the loan *192 was fixed and definite and not contingent upon other factors. Our review of the agreement and modifications leads us to believe that payment of the loan constitutes a portion of a property settlement and is not alimony. We now deal with the payments made by petitioner in 1975 pursuant to the May 2, 1975, Final Order. The $800 was the first of two parts of a lump sum settlement in full satisfaction of the alimony obligations, with the remaining $400 due by April 1976. Obviously, the payments required by the Final Order were to be made in less than ten years and were not subject to any contingency. Accordingly, they do not qualify under section 71 even though in satisfaction of petitioner's alimony obligations. Loverin v. Commissioner, 10 T.C. 406 (1948). In order to reflect the increased deficiency claimed in Docket No. 6411-77, Decisions will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years at issue.↩
2. These cases are consolidated for trial, briefing, and opinion.↩
3. The agreement also indicated the following additional information: ↩
1. Amount of loan
$5,997.56
2. Credit Life Insurance
326.96
3. Credit Disability Insurance
354.21
4. Other Charges
5. Amount Financed (1+2+3+4)
6,678.73
6. Finance Charge
2,404.07
7. Total of Payments (5+6)
9,082.80
8. ANNUAL PERCENTAGE RATE
10.71%
4. Ga. Code Ann. § 30-201. Definition. Permanent and temporary. -- Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent. Ga. Code Ann. § 30-209. Jury may provide permanent alimony; factors in determining amount; effect of remarriage by wife. -- The jury rendering the final verdict in a divorce suit may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband. In all cases where alimony is awarded to the wife, her separate estate and earning capacity, as well as any fixed liabilities of the husband for the support of minor children, shall be taken into consideration in fixing the amount. All obligations for permanent alimony to the wife, whether created by contract, verdict, judgment, or decree, the time for performance of which has not yet arrived, shall cease upon her remarriage unless otherwise provided in the decree. Ga. Code Ann. § 30-220. Revision of judgment for permanent alimony; grounds; petition; hearing. -- The judgment of a court providing permanent alimony for the support of a wife or child or children, or both, shall be subject to revision upon petition filed by either the husband or the wife showing a change in the income and financial status of the husband. Such petition shall be filed and returnable under the same rules of procedure applicable to divorce proceedings. Such petition shall be filed in the same county in which the original judgment was granted. No petition may be filed by the wife under this law [§§ 30-220 through 30-225.1] within a period of two years from the date of the filing of a previous petition by the wife under this law. No petition may be filed by the husband under this law within a period of two years from the date of the filing of a previous petition by the husband under this law. After hearing both parties and the evidence, the jury, or the judge where a jury is not demanded, may modify and revise the previous judgment so as to provide for the wife, or child or children, or both, in accordance with the changed income and financial status of the husband, if such a change in the income and financial status of the husband is satisfactorily proved, so as to warrant such modification and revision. In the hearing upon a petition filed as provided herein, testimony may be given and evidence introduced relative to the income and financial status of the wife. n5 Section 1.71-1(d)(3)(ii)(a), Income Tax Regs.↩, provides that contingencies may be imposed by local law.
6. See Stock v. Commissioner, 551 F.2d 614 (5th Cir. 1977), affg. T.C. Memo. 1976-134 (Georgia statutes in question do not impose contingencies on installment payments of a fixed or lump sum on an award made from the corpus of the estate; see Ga. Code Ann. sec. 30-222). See also Hogan v. Commissioner, T.C. Memo 1977-258. n7 See also Williamson v. Commissioner, T.C. Memo. 1978-279; Sharp v. Commissioner, T.C. Memo. 1972-159; Luhman v. Commissioner, T.C. Memo. 1970-81↩.